[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15314
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00028-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENTHIUS D. THOMAS,
a.k.a. Daws,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 25, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BARKETT, Circuit Judges.

PER CURIAM:

Lenthius D. Thomas, proceeding pro se, appeals the district court's denial of

his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Thomas's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Thomas, whose guideline range was determined based on his status as a career offender under U.S.S.G. § 4B1.1, argues that the district court erred in finding that he was not eligible for relief under § 3582(c)(2) and Amendment 706 because he was sentenced as a career offender. In addition, he contends that the district court should have reduced his sentence in light of the Supreme Court's decisions in: (1) United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (2) Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (3) Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing

2

Commission." Id. A sentence modification is not consistent with the Commission's policy statements where an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Thomas's arguments are foreclosed by precedent. Thomas was not eligible for a sentence reduction under § 3582(c)(2) because his guideline range was based on his status as a career offender under § 4B1.1. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that, where a defendant's base offense level is calculated under the career-offender provision in § 4B1.1, rather than the drug quantity table in U.S.S.G. § 2D1.1(c), Amendment 706 does not operate to lower the defendant's guideline range, and, therefore, the defendant is not eligible for a sentence modification under § 3582(c)(2)), cert denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009); U.S.S.G. § 1B1.10(a)(2)(B). Furthermore, Thomas cannot show that Booker or its progeny or the advisory nature of the Guidelines made him eligible for a sentence reduction. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (rejecting the defendant's argument that Booker effectively lowered his guideline range by making it advisory and reiterating that Booker, standing alone, does not render a defendant eligible for a sentence reduction), cert. denied, 129 S.Ct. 1657 (2009). To the extent that Thomas argues that his original sentence was imposed in

3

violation of <u>Apprendi</u> and that the district court should have considered the crack-powder sentencing disparity pursuant to <u>Kimbrough</u>, the district court properly declined to address these arguments because they were outside the scope of his § 3582(c)(2) proceeding. <u>See</u> <u>United States v. Bravo</u>, 203 F.3d 778, 781 (11th Cir. 2000) (noting that, in § 3582(c)(2) proceedings, "<u>all</u> original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").

Thus, the district court did not err in denying Thomas's § 3582(c)(2) motion, and, accordingly, we affirm.

**AFFIRMED.**